UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-23131-CIV-ALTONAGA

**SAMIR ABUELHAJ**,

    Petitioner,

v.

**KROME IMMIGRATION DETENTION CENTER**,

    Respondent.

_____/

# ORDER

**THIS CAUSE** came before the Court on *pro se* Petitioner, Samir Abuelhaj's Petition for Writ of Habeas Corpus under 28 U.S.C. section 2241 ("Petition") [ECF No. 3] and Notice of Habeas Corpus Releas[e] Under Ninety Day Law Order ("Notice") [ECF No. 4], both filed on July 11, 2025.[1]  Upon review, the Court concludes Petitioner should be allowed curing certain pleading deficiencies.  The Court explains.

## I. BACKGROUND

Petitioner, of Qatari nationality, seeks release from Immigration and Customs Enforcement ("ICE") custody.  (*See* Pet. 6–7; *see also id.* 20 (indicating Petitioner's country of nationality is

---

[1] On June 13, 2025, Petitioner filed a Notice of Habeas Corpus Releas[e] Under Ninety Day Law Order ("June 13, 2025 Notice") [ECF No. 1] and accompanying exhibits. (*See id.*).  To the extent the construes the Notice as a petition, the newly filed Petition [ECF No. 3] renders the June 13, 2025 Notice and its attachments a legal nullity.  *Cf. Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016).  Yet, as noted, Petitioner filed a *new* Notice of Habeas Corpus Releas[e] . . . alongside his Petition on July 11, 2025. (*See* Notice [ECF No. 4]).  Because Petitioner originally filed the June 13, 2025 Notice as a standalone document, and because Petitioner tried to file his Petition and newly filed Notice on the same day, the Court will consider the newly filed Notice as an attachment to the Petition, despite it being presented as a separate document.

"Qatar"); Notice 1).[2] After an immigration judge ordered Petitioner's removal in 2007, Petitioner became subject to an Order of Supervision (*see* Pet. 9–12; Notice 1–2), and Petitioner has been civilly detained since June 4, 2025 (*see* Pet. 4; Notice 1). It is unclear what aspect of Petitioner's detention he challenges.

As best the Court can tell, Petitioner seeks release to ensure ICE does "not hold [him for] more [than] 90 days" (Pet. 6 (alterations added)), and to avoid further financial losses to his business (*see* Not. 3 (alteration added)). He explains that he has complied with the Order of Supervision provisions. (*See id.* 1–2). Petitioner also appears to have sought administrative protection from removal through various United States Citizenship and Immigration Services ("USCIS") applications — such as an I-360 Petition, and an I-601 Application[3] — and has been granted an I765 Employment Authorization, all which Petitioner claims entitle him to release from custody or relief from removal. (*See* Notice 1, 3). Moreover, Petitioner objects to the way he was detained. He accuses an immigration officer of racial discrimination (*see id.* 3), and he further suggests ICE agents used deceptive tactics to detain him (*see id.* 1).

## II. LEGAL STANDARDS

***Pleading Requirements***. "Habeas corpus petitions must meet heightened pleading requirements[.]" *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (alteration added; citation

---

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

[3] An I-360 Petition— the "Petition for Amerasian, Widow(er), or Special Immigrant" — is a form submitted by foreign nationals to request special immigrant status in the United States. *See* USCIS Guide, I-360: Pet. for Amerasian, Widow(er), or Special Immigr., https://www.uscisguide.com/forms/i-360-petition-for-amerasian-widower-or-special-immigrant/ (last visited July 18, 2025). An I-765 Application is an "Application for Employment Authorization." *Id.*, I-765: Application for Emp. Authorization, https://www.uscis.gov/i-765 (last visited July 18, 2025). An I-601 Application is an "Application for Waiver of Grounds of Inadmissibility" for those applicants seeking immigrant visas or adjustments of status. *See id.*, I-601, Application for Waiver of Grounds of Inadmissibility, https://www.uscisguide.com/forms/i-601-application-for-waiver-of-grounds-of-inadmissibility/ (last visited July 18, 2025).

omitted). "The [section] 2254 Rules and the [section] 2255 Rules mandate 'fact pleading' as opposed to 'notice pleading,' as authorized under Federal Rule of Civil Procedure 8(a)." *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (alterations added); *see also Mayle v. Felix*, 545 U.S. 644, 655 (2005) (explaining that Rule 2(c) of the Rules Governing Section 2254 Cases is more demanding than Federal Rule of Civil Procedure 8(a)); *Annamalai v. Warden*, 760 F. App'x 843, 849–50 (11th Cir. 2019) (noting that "[p]roceedings in [section] 2241 petitions are governed by the Rules Governing Section 2254 Cases" (alterations added; citation omitted)). Therefore, "generalized allegations are insufficient in habeas cases." *Hittson v. GDCP Warden*, 759 F.3d 1210, 1265 (11th Cir. 2014).

***Post-Removal Detention***. Under 28 U.S.C. section 2241, district courts may grant relief to petitioners held "in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3). "[S]ection 2241 is the proper vehicle through which to challenge the constitutionality of a non-citizen's detention without bail." *Oscar v. Ripe*, 751 F. Supp. 3d 1324, 1329 (S.D. Fla. 2024) (alteration added; citation omitted).

The post-removal detention provision of the Immigration and Nationality Act that applies to aliens who are subject to a final order of removal is found at 8 U.S.C. § 1231(a). When an alien is ordered removed, the Attorney General must remove the alien from the country within a period of 90 days. *See id.* § 1231(a)(1)(A). During this 90-day period, certain criminal aliens remain detained. *See id.* § 1231(a)(2). The initial removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* § 1231(a)(1)(B). If the alien is not removed during the 90-day period, further detention may be authorized by statute. *See id.* § 1231(a)(6).

Still, section 1231(a)(6) does not authorize immigration officials to hold removable aliens in custody indefinitely. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). While an alien may be detained during the 90-day removal period contemplated by the statute, the alien can be held for only a reasonable period thereafter. *See id.* at 699–700. The total reasonable period of detention is presumed to be six months — the 90-day statutory period under section 1231(a)(1)(A) plus an additional 90 days under section 1231(a)(6) — unless there is a "significant likelihood of removal in the reasonably foreseeable future[.]" *Zadvydas*, 533 U.S. at 701 (alteration added).

Thus, to be granted relief from a post-removal order of detention, a petitioner must first show that he has been detained beyond the presumptively reasonable six-month period. *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1051–52 (11th Cir. 2002). The petitioner must also provide good reason to believe there is no significant likelihood of removal in the foreseeable future. *See id.* at 1052 (citation omitted); *Zadvydas*, 533 U.S. at 701. The Government must then respond with evidence sufficient to rebut such a showing. *See Akinwale*, 287 F.3d at 1052 (citing *Zadvydas*, 533 U.S. at 701).

### III. DISCUSSION

As an initial matter, Petitioner does not satisfy the "heightened pleading requirements" of habeas corpus petitions. *McFarland*, 512 U.S. at 856 (citation omitted); *see also* R. Governing § 2254 Cases 2(c)(1)–(2) (requiring a petitioner to "specify all the grounds for relief available" and "state the facts supporting each ground"); *see also id.* 1(b) (providing that courts "may apply any or all of the[] rules [governing section 2254 cases] to a [section 2241 petition]" (alterations added)). Petitioner fails to specify any grounds, or state any particularized facts, as to why his present

detention violates the Constitution or the laws or treaties of the United States. (*See generally* Pet.; *see also* Notice). The Petition is thus plainly deficient.

Even construing the Petition generously, the Court cannot discern the facts on which Petitioner seeks release. Presumably, Petitioner seeks release to ensure ICE does "not hold [him for] more [than] 90 days" (Pet. 6 (alterations added)); yet he has only been detained since June 4, 2025 (*see id.* 4; Notice 1). When an order of removal becomes final, the Attorney General has 90 days to effectuate the alien's removal. *See* 8 U.S.C. § 1231(a)(1)(A)–(1)(B). Petitioner has not articulated a reason why his post-removal detention, spanning less than two months, is not presumptively reasonable under well-settled law. *See Akinwale*, 287 F.3d at 1051–52 (recognizing that "six months is a presumptively reasonable period to detain a removable alien awaiting deportation" which "include[s] the 90-day removal period plus 90 days thereafter" (alteration added; footnote call number omitted; citing *Zadvydas*, 533 U.S. at 701)).

Next, Petitioner's USCIS administrative requests — *i.e.*, his pending I-360 petition and I-601 application — bear no impact on his eligibility for habeas relief. (*See* Notice 1; Pet. 5, 15, 17–19).[4] These mechanisms for deferring or staying removal are matters of agency discretion. And "[h]abeas petitions under [section] 2241 are limited to claims of constitutional or statutory error, and may not be used to challenge an exercise of discretion by the INS." *Nguyen v. Coleman*, 74 F. App'x 803, 804 (9th Cir. 2003) (alterations added; citation omitted).; *cf. Pierre v. United*

---

[4] Petitioner's attached exhibits reveal that his I-765 Application for Employment Authorization was approved and considered valid from May 19, 2025, to May 18, 2026. (*See* Pet. 16). The USCIS's approval of Petitioner's I-765 Application has no bearing on his immigration status; applications for adjustment of status determine whether Petitioner is an unauthorized alien under the INA for purposes of employment. *See* 8 C.F.R. § 274a.12(c)(9) (providing that a non-citizen is not an "unauthorized alien" under the INA for purposes of employment "while his or her properly filed Form I-485 [Application to Register Permanent Residence of Adjust Status] is pending final adjudication" (alteration added)).

*States*, 525 F.2d 933, 936 (5th Cir. 1976) (noting that habeas corpus "cannot be utilized as a base for the review of a refusal to grant collateral administrative relief or as a springboard to adjudicate matters foreign to the question of the legality of custody"). And to the extent Petitioner challenges his removability, "district courts lack habeas jurisdiction to entertain challenges to final orders of removal." *Themeus v. U.S. Dep't of Just.*, 643 F. App'x 830, 832 (11th Cir. 2016) (citations omitted).

Lastly, no aspect of Petitioner's arrest — on the face of the Petition — invalidates his detention. Immigration officers are authorized to arrest an alien if they have probable cause to believe the alien is removable. *See Tenorio-Serrano v. Driscoll*, 324 F. Supp. 3d 1053, 1066 (D. Ariz. 2018) (noting that "[a]rrests based on probable cause of removability — a civil immigration violation — have been long recognized in the courts" (alteration added; citing *Abel v. United States*, 362 U.S. 217, 230 (1960) (recognizing that "[s]tatutes authorizing administrative arrest to achieve detention pending deportation proceedings have the sanction of time" (alteration added)))). Not only does Petitioner provide threadbare and undeveloped facts pertaining to his arrest, but Petitioner neither challenges whether agents had probable cause to arrest him nor does he dispute his removability at the time of his arrest. (*See generally* Pet.; Notice).

## IV. CONCLUSION

In sum, Petitioner has not articulated a single fact that, if true, would warrant habeas relief. The Court is unclear as to the grounds on which Petitioner seeks release.

Accordingly, it is **ORDERED** as follows:

1. Petitioner, Samir Abuelhaj, has until **August 4, 2025**, to file an amended section 2241 petition. Petitioner's amendment shall be limited to explaining why he believes his current detention violates due process and is not presumptively reasonable. The amended petition shall

not exceed 20 pages in length; it must be signed under penalty of perjury; and Petitioner must state sufficient, particularized facts supporting the basis for his requested relief.

2. The amended section 2241 petition shall be labeled "Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. Section 2241" and shall include case number 25-23131-CIV-ALTONAGA. The amended petition will be the operative pleading for the remainder of the case, and Petitioner cannot incorporate by reference any past claims.

3. The Clerk is **DIRECTED** to provide Petitioner with a copy of the form Petition for Writ of Habeas Corpus Under 28 U.S.C. Section 2241.

4. Petitioner's failure to file an amended section 2241 petition by **August 4, 2025**, or otherwise comply with this Order, will result in dismissal without prejudice of this case.

**DONE AND ORDERED** in Miami, Florida, this 22nd day of July, 2025.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   Petitioner, *pro se*