UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-23131-CIV-ALTONAGA

**SAMIR ABUELHAJ**,

    Petitioner,

v.

**KROME IMMIGRATION DETENTION CENTER**,

    Respondent.
_____/

## ORDER

**THIS CAUSE** comes before the Court *sua sponte*.

On July 28, 2025, *pro se* Petitioner, Samir Abuelhaj filed an Amended Petition for Writ of Habeas Corpus under 28 U.S.C. section 2241 ("Amended Petition") [ECF No. 8], challenging his continued detention at Krome Service Processing Center in Miami, Florida, in the custody of Immigration and Customs Enforcement ("ICE"). (*See generally* Am. Pet.). On September 5, 2025, Respondent filed a Response [ECF No. 13] advising that "Petitioner's removal to the Kingdom of Jordan [was] imminent." (*Id*. 6 (alteration added)).[1] Independent review of public records reveals that Petitioner is no longer in ICE custody.[2] *See Burnsed v. Peachtree Hous. Comtys. II, LLC*, No. 19-cv-02233, 2020 WL 13526669, at *3 n.26 (N.D. Ga. Jan. 28, 2020)

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

[2] The ICE Online Detainee Locator System no longer shows that Petitioner is detained at the Krome Service Processing Center. (Available at https://locator.ice.gov/odls/#/search (search A-Number: 097-844-491; Country of Birth: Jordan).

(recognizing "a district court may take judicial notice of public records published by governmental agencies" (citations omitted)).

If Petitioner has been released or removed from the United States, his application for habeas relief is now likely moot. *See Thompson v. Whiddon*, No. 13-cv-150, 2015 WL 6445838, at *3 (M.D. Fla. Oct. 23, 2015) (finding it could "no longer give Petitioner any meaningful relief" where it was "undisputed that Petitioner ha[d] left the United States" (alteration added; citation omitted)); *Vitkus v. Holder*, No. 13-cv-116, 2015 WL 4042014, at *2 (M.D. Fla. July 1, 2015) (explaining "[a]n alien's release from extended detention by ICE, even under an order of supervision, generally renders moot a [section] 2241 petition challenging the legality of his prior detention" (alterations added)).

Accordingly, it is

**ORDERED** that Respondent has until **October 15, 2025**, to submit a memorandum of no more than **five (5) pages** stating whether Petitioner remains in ICE custody and, if not, whether his release renders this case moot.

**DONE AND ORDERED** in Miami, Florida, this 9th day of October, 2025.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:  counsel of record
     Petitioner, *pro se*